```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -x
In re:                            :

LUZ E. BUSTAMANTE                 :    BK No. 09-10991
          Debtor                         Chapter 7

LUZ E. BUSTAMANTE                 :
          Plaintiff
v.                                :    A.P. No. 09-1022

HSBC BANK USA, N.A., as Trustee   :
on Behalf of Ace Securities Corp.
Home Equity Trust and for the     :
Registered Holders of Ace Securities
Corp. Home Equity Loan Trust,     :
Series 2006-HE3, Asset Backed Pass-
Through Certificates              :
          Defendant
- - - - - - - - - - - - - - - - -x
```

## DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

APPEARANCES:

    John B. Ennis, Esq.
    Attorney for Debtor/Plaintiff
    1200 Reservoir Avenue
    Cranston, Rhode Island 02920

    Theodore A. Topouzis, Esq.
    Attorney for Defendant
    TOPOUZIS & ASSOCIATES, P.C.
    51 Jefferson Boulevard
    Warwick, Rhode Island 02888

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 09-10991; A.P. No. 09-1022

Heard on HSBC Bank's Motion to Dismiss, in part, an adversary Proceeding in which the Debtor alleges a material violation of the Federal Truth in Lending Act ("TILA").[1]  Plaintiff asks for rescission of her mortgage, actual statutory damages, and attorney's fees.  HSBC Bank argues that even if a TILA violation is established, the request for damages and attorney's fees is time-barred.

## BACKGROUND AND TRAVEL

On March 24, 2006, Luz E. Bustamante obtained a loan from First NLC Financial Services, LLC, which was secured by her principal residence in Pawtucket, Rhode Island.  At the closing, the lender did not provide her with 2 copies of the required notice of her right to rescind.  Subsequently, playing the popular mid-2000's game of "musical mortgages," First NLC assigned Bustamante's mortgage to HSBC Bank, with Ocwen Loan Servicing, LLC as the servicer of the loan.  This bankruptcy petition was filed on March 18, 2009, and the within adversary proceeding was commenced on March 22, 2009.

On January 28, 2009, Bustamante served notice to Ocwen Loan Servicing, LLC that she was asserting her right to rescind the mortgage, and for other relief.  Ocwen Loan Servicing, LLC did not respond to the notice.  On March 22, 2009, Bustamante commenced this adversary proceeding against HSBC Bank, pursuant to § 1635(a).  HSBC

---

[1] 15 U.S.C. § 1601 et. seq.

1

BK No. 09-10991; A.P. No. 09-1022

Bank moved for (partial) dismissal, and Bustamante objected. All of the facts alleged or pleaded herein are accepted as true.[2]

### DISCUSSION

**A. The Motion to Dismiss Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012(b), a complaint must contain sufficient facts which, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).

**B. The Federal Truth in Lending Act ("TILA")**

TILA requires creditors to make meaningful disclosure of credit terms to borrowers,[3] and if a creditor fails to comply with the disclosure requirements, the borrower may rescind the loan or seek damages.[4] While TILA provides a generous three year right of rescission period following the loan transaction,[5] borrowers, on the other hand, are restricted to a shorter, one-year statute of limitations as to their right to seek damages.[6]

---

[2] *See Pasdon v. City of Peabody,* 417 F. 3d 225, 226 (1st Cir. 2005).

[3] *See generally Beach v. Ocwen Federal Bank,* 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998).

[4] *See* 15 U.S.C. §§ 1635, 1640.

[5] 15 U.S.C. § 1635(f).

[6] 15 U.S.C. § 1640(e).

BK No. 09-10991; A.P. No. 09-1022

Since it is undisputed that Bustamante filed the within adversary proceeding on March 22, 2009, more than two years after the March 24, 2006 closing date, her statutory claim for damages is untimely.

While Bustamante's claim for damages is clearly time-barred, the attorney fee provisions of § 1640(a)(3) are separate from the § 1640(e) statute of limitations.[7] Thus, Bustamante *may* be entitled to attorney's fees *if* she prevails in the § 1635 rescission action.[8]

Accordingly, HSBC Bank's Motion to Dismiss is **GRANTED** with respect to the § 1635(a) damages claim, and **DENIED** as to the rescission and attorney fee issues.

Regarding the merits of the surviving claim(s), pursuant to R.I. LBR 7026-1(c) the parties shall file a discovery plan within 2 weeks from the date of this Order.

Dated at Providence, Rhode Island, this 4th day of February, 2010.

                                               Arthur N. Votolato
                                               U.S. Bankruptcy Judge

Entered on docket: 2/4/2010

---

[7] *See Burley v. Bastrop Loan Co., Inc.,* 407 F.Supp. 773, 778-779 (W.D. La. 1976), *rev'd on other grounds,* 590 F.2d 160 (5th Cir. 1979).

[8] 15 U.S.C. § 1640(a)(3).

3